UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-21717-CIV-GOLD/WHITE

DOUGLAS MARSHALL &
CEDRIC ARNEZ,

      Petitioners,

vs.

YOLANDA LOPEZ, et al.,

      Respondents.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART [DE 7]; DISMISSING COMPLAINT WITHOUT PREJUDICE TO RE-FILE; CLOSING CASE

### I. Introduction

**THIS CAUSE** is before the Court upon the Magistrate Judge's Report and Recommendation (the "Report") **[DE 7]**, on Douglas Marshall and Cedric Arnez's (collectively, "Petitioners") *pro se* civil rights Complaint **[DE 1]** pursuant to 42 U.S.C. § 1983. In their Complaint, Petitioners claim that the law librarian, a fellow inmate, and the Assistant Warden are denying them photocopying services. Upon review, the Magistrate Judge recommended that the Complaint be dismissed without prejudice to re-file a new case upon the payment of a full filing fee of $350.00. Petitioners timely filed their Objections to the Report **[DE 10]** on June 30, 2010. Having considered the Report, the record, the objections, and the applicable law, I adopt and affirm Magistrate Judge White's Report for the reasons set forth below.

### II. Background

In the Report, Magistrate Judge White relies on *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 122 S.Ct. 1083 (2002) to set forth the rule that inmates may

not join together in a single civil rights suit. Following this Eleventh Circuit precedent, the Magistrate Judge recommended that each Petitioner be required to file a new, individual complaint on his own behalf. **[DE 7, p. 2]**. Magistrate Judge White recommended that Petitioners may re-file *independently* either by paying the full $350.00 filing fee, or by moving to proceed *in forma pauperis*.[1]

On June 30, 2010, Petitioners timely filed objections to Magistrate Judge White's Report asserting that the Report "seeks to criminally extort a second filing fee" from Petitioners. **[DE 10, p. 4]**. Specifically, Petitioners allege that the Magistrate Judge incorrectly found that the Petitioners failed to pay the entire filing fee of $350.00 and are filing their cause of action *in forma pauperis*. In the objection, Petitioners claim they have already paid the full $350.00 filing fee[2] and should be allowed to proceed with their claim against Respondents.

## III. Analysis

Having considered Petitioners' objections, I agree that this civil rights claim may not proceed as long as Petitioners are joined together as plaintiffs. To proceed in federal court, each Petitioner must file a new, individual complaint on his own behalf because

---

[1] Magistrate Judge White further explained that Plaintiff Douglass Marshall ("Jackson") was a "multiple filer" and is barred from filing a civil action *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). See **[DE 7, pp. 2-12]**. Thus, Jackson may only proceed by paying the $350.00 filing fee.

[2] Petitioners cite to the transaction receipt dated "6/14/2010" to demonstrate that they have already paid the filing fee and that Magistrate Judge was attempting to "injure and defraud and extort" Petitioners. **[DE 10, p. 7]**; **[DE 10, p. 4]**. This receipt is irrelevant to this Court's analysis of the Magistrate Judge's Report because it is dated on the same day the report was filed, June 14, 2010, and because the issue at hand is whether two inmates may jointly file a *pro se* complaint.

2

inmates are barred from joining together in a single civil rights suit so as to share the mandatory filing fee. *Hubbard*, 262 F.3d 1194.[3] Thus, the complaint should be dismissed without prejudice to Petitioners to re-file separately.

A Petitioner may re-file by either paying the full $350.00 filing fee or by submitting an individual motion to proceed *in forma pauperis*, with a supporting financial affidavit if he cannot afford to pay the Clerk's filing fee in its entirety. In the instant case, the Magistrate Judge correctly found that Jackson is not entitled to proceed *in forma pauperis* because he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, in order for Jackson to proceed on his civil rights claim, he must file an individual complaint and pay the full $350.00 filing fee. Unless the other Petitioner, Cedric Arnez, has a legal history similar to that of Jackson that would bar him from filing a claim *in forma pauperis*, he may re-file individually by paying the filing fee in full or by moving to proceed *in forma pauperis*.

## IV. Conclusion

Having reviewed the record and applicable law, I agree that Petitioners may proceed by individually re-filing their complaints, although Jackson may not move this Court to allow his claim to proceed *in forma pauperis*. Despite having already paid the $350.00 filing fee,

---

[3] The *Hubbard* court found that "the intent of Congress in promulgating the [Prison Litigation Reform Act] was to deter frivolous civil actions brought by prisoners by requiring each individual prisoner to pay the full amount of the required fee." *Id.* at 1195. As such, the court required each prisoner to re-file an individual action accompanied by the full filing fee or an application to proceed *in forma pauperis*.

Jackson still must re-file as an individual. Based on the foregoing, I affirm and adopt Magistrate Judge White's Report and deny Petitioner's claim without prejudice to re-file. Accordingly, it is hereby **ORDERED and ADJUDGED** that:

1. The Report and Recommendation **[DE 7]** is AFFIRMED and ADOPTED.
2. Petitioners may re-file their claims as individual plaintiffs.
3. Petitioners's objections are DENIED as moot.
4. The Clerk of the Court is directed to refund the filing fee paid by Douglas Marshall. See **[DE 8]**.
5. This case is CLOSED and all pending motions are denied as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2 day of August, 2010.

THE HONORABLE ALAN S. GOLD
UNITED STATES DISTRICT COURT JUDGE

Copies furnished to: Financial Section - US Courts
Magistrate Judge White
All counsel of record

By U.S. mail from chambers:

Douglas Marshall, *Pro Se*
DC # 823916
Everglades CI
Address of Record

Cedric Arnez, *Pro Se*
DC # L10184
Everglades CI